UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| CLARA J. SEE, | ) |
|               Plaintiff, | ) |
| v. | ) |
| | ) Case No. 06-2064 |
| MARLAINA STRUNK, | ) |
| BLATT HASENMILLER LEIBSKER | ) |
| & MOORE, E. ROBERT ANDERSON, | ) |
| and JAMES R. PING, | ) |
|               Defendants. | ) |

# REPORT AND RECOMMENDATION

In March 2006, Plaintiff Clara See, acting *pro se*, filed a Complaint (#1) against Defendants Blatt, Hassenmiller, Leibsker & Moore LLC (hereinafter "BHL&M"), Marlaina Strunk, E. Robert Anderson, and James R. Ping II (hereinafter collectively "Defendants") alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") (15 U.S.C. § 1692) and common law fraud. In October 2006, Plaintiff filed an Amended Complaint, Petition, and Claim (#20). This Court has jurisdiction over the case based on federal question under 28 U.S.C. § 1331 and based on supplemental jurisdiction under 28 U.S.C. § 1367.

In November 2006, Defendants filed a Motion To Dismiss Amended Complaint (#23) as to the claims of common law fraud. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Amended Complaint **(#20)** be **GRANTED** in part and **DENIED** in part.

### I.  Background
### A.  Factual Background

The following background is taken from the complaint. On April 22, 2005, BHL&M mailed Plaintiff a letter alerting her to a debt that she allegedly owed Citibank (South Dakota) (hereinafter "Citibank"), informing her that BHL&M was acting pursuant to the FDCPA to

collect the debt, demanding payment on the debt, and advising her of her rights under the FDCPA with regard to the collection effort. (#20, ¶ 13, referring to Ex. A.) No individual has signed the letter; the signature block of the letter lists only the firm name.

In response, on April 26, 2005, Plaintiff faxed a letter to BHL&M to dispute the purported debt. (#20, ¶ 14, referring to Ex. B.) Defendants have never complied with her request by presenting her with a validation of the debt. (#20, ¶¶ 26-27.)

In November 2005, an attorney from BHL&M signed and filed a civil complaint against Plaintiff in the Fifth Judicial Circuit Court of Edgar County, Illinois, naming Citibank as plaintiff and naming Plaintiff as defendant and seeking judgment against Plaintiff in the amount of the purported debt. (#20, ¶ 15, referring to Ex. C.) Although the attorney signature on this complaint is illegible, BHL&M is listed as Citibank's attorneys. (#20, ¶ 15, *see* Ex. C.) Plaintiff alleges that Defendants Anderson and Ping appeared as attorneys representing Citibank in the state court case. (#20, ¶ 7.) Plaintiff also alleges that this filing left her "shocked and extremely upset" inasmuch as "she was, in good faith, waiting for a procedurally proper, lawful validation of the alleged debt" at the time. (#20, ¶ 16.)

In November 2005, Plaintiff filed an Answer and Counterclaim in the state court case disputing Citibank's right to maintain such a suit, and arguing that the sole purpose of the contract between Citibank and BHL&M was the buying of "charged-off" debt. (#20, ¶ 17; Ex. D, p. 1.) Plaintiff's counterclaim also alleged that Citibank had prepared and submitted fraudulent documents for the purpose of depriving Plaintiff of her money and property. (Ex. D, p. 3.) The Edgar County circuit court held a hearing in January 2006 at which Plaintiff protested that Defendants had never verified the alleged debt. (#20, ¶ 23.) Plaintiff alleges that at this hearing the circuit court acknowledged that the debt had not been verified. (#20, ¶ 25.)

Plaintiff also alleges that in connection with the state court case, Defendants made a claim for $250 for attorney fees. (#20, ¶ 40.) Plaintiff alleges that she has suffered distress, mental anguish, fear, and loss of peace of mind. (#20, ¶ 31.) Plaintiff demands a jury trial and prays for declaratory relief, statutory damages, and $2,438 in actual damages.

### B.  Procedural Background

In June 2006, Defendants filed a motion to dismiss Plaintiff's original complaint. Among other things, the Court dismissed the common law fraud claim for failure to plead with particularity as required by Rule 9 of the Federal Rules of Civil Procedure. Plaintiff chose to amend and filed her amended complaint in October 2006.

In the amended complaint, Plaintiff's first claim alleges common law fraud based on Defendants' knowing and intentional assertions that (1) their firm represents Citibank; and (2) Plaintiff's account with CitiBank had been referred to Defendants for collection of "a sum certain." (#20, ¶¶ 33-34.) In the second claim, Plaintiff alleges that (1) by failing to validate the debt, Defendants violated Section 1692g (#20, ¶ 36); (2) by signing documents and appearing in state court, Defendants Strunk, Anderson, and Ping made public misrepresentations in connection with the collection of the alleged debt in violation of Section 1692e(10)[1] (#20, ¶ 39); and (3) by claiming $250 for attorney fees, Defendant Strunk violated Section 1692f(1). In the third claim, Plaintiff alleges a claim of common law fraud based on Defendants' knowing and intentional assertions in the state court complaint that (1) Citibank was the plaintiff (#20, ¶ 43); (2) Defendants are attorneys for CitiBank (#20, ¶ 44); and (3) Plaintiff owes CitiBank a debt (#20, ¶ 45).

---

[1]Paragraph 39 actually refers to Section 1602e(10). As the Court noted in its previous Report and Recommendation, it assumes that this reference to Section 1602 is a typographical error and Plaintiff meant to refer to Section 1692. *See* Report and Recommendation, # 17, p. 10, n.1.

## II.  Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the nonmoving party.  *Guitierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should grant the motion only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle her to relief.  *Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998).  While this standard does not require that a plaintiff plead facts or law to support a claim for relief, a plaintiff may plead herself out of court by alleging facts that defeat recovery.  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

## III.  Analysis
### A.  Defendants' Motion To Dismiss

Defendants' pending motion to dismiss argues that Plaintiff's amended fraud claims fail to plead fraud with particularity and fail to state common law fraud claims.

Under the Federal Rules of Civil Procedure, Rule 9(b) establishes a heightened standard for pleading claims of fraud, requiring that "the circumstances constituting fraud . . . shall be stated with particularity."  FED. R. CIV. P. 9(b).  This rule requires that, in the complaint, not in any attachments, a plaintiff must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Kennedy v. Venrock Assoc.*, 348 F.3d 584, 593 (7th Cir. 2003) (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)).

Plaintiff's first claim is based on the April 22, 2005, letter from BHL&M.  As noted above, that letter contains no signature; instead, it lists the company name.  Plaintiff refers to "Defendants" in her first claim.  Consistent with the letter, the Court assumes that she refers to Defendant BHL&M.  To the extent that she may be including other named Defendants in her first claim, the Court recommends granting the motion as to those individual Defendants.  The

first claim alleges a claim of fraud only as to Defendant BHL&M. Plaintiff's third claim is based on the filing of a complaint in state court. In Paragraph 15, Plaintiff alleges that one of the BHL&M attorneys signed the complaint but the signature is undecipherable. As to this claim, the Court concludes that Plaintiff may determine who signed the complaint during discovery. At this time, the third claim adequately alleges the identity of the person making the misrepresentations for purposes of pleading fraud with particularity consistent with Rule 9.

The Court has reviewed the allegations in the first and third claims of Plaintiff's amended complaint and concludes that Plaintiff has adequately alleged the remaining elements of common law fraud in those claims.

Defendants next argue that Plaintiff has failed to state claims for fraud in her first and third counts. The elements of common law fraud include the following: (1) a false statement of material fact; (2) the defendant's knowledge that the statement was false; (3) the defendant's intent that the statement induce the plaintiff to act; (4) the plaintiff's reliance on the statement; and (5) the plaintiff's damages resulting from reliance on the statement. *Suburban 1, Inc. v. GHS Mortgage, LLC*, 833 N.E.2d 18, 21 (Ill. App. Ct. 2005).

It is obvious from reading Defendants' motion and memorandum that they are frustrated with Plaintiff's allegations and think they are inaccurate if not frivolous. Nevertheless, Defendants have raised fact issues that the Court cannot address on a motion to dismiss. Defendants are invited to file a motion for summary judgment on these claims. At that time, it may well be that Defendants will prevail. If Defendants are correct, they may be entitled to sanctions under Rule 11. All parties are reminded of the certifications a party makes by signing pleadings. *See* FED. R. CIV. P. 11(b). At this point, however, the Court cannot consider matters outside the pleadings. Therefore, with regard to the allegations of common law fraud in Plaintiff's first and third claims, the Court recommends that Defendants' motion to dismiss be denied (except as to the individual Defendants in Plaintiff's first claim).

### B.  Plaintiff's Motion To Strike

In her objection to the motion to dismiss (#26), Plaintiff includes an argument in support of a motion to strike.  The Court has reviewed Plaintiff's argument on striking Defendants' pleadings and disagrees.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss Amended Complaint **(#23)** be **GRANTED** as to individual Defendants in Plaintiff's first claim and **DENIED** as to the rest of Plaintiff's claims.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. V. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 23rd day of February, 2007.

                                     s/ DAVID G. BERNTHAL  
                                     U.S. MAGISTRATE JUDGE