UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CLARA J. SEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2064 |
| ) | |
| MARLAINA STRUNK; BLATT, ) | |
| HASENMILLER, LEIBSKER AND MOORE, ) | |
| LLC; E. ROBERT ANDERSON; AND JAMES ) | |
| R. PING II; ) | |
| ) | |
| Defendants. ) | |

**OPINION**

On October 24, 2006, Plaintiff Clara J. See, proceeding pro se, filed her Amended Complaint (#20) in this matter alleging common law fraud and violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by Defendants Marlaina Strunk, E. Robert Anderson, James R. Ping II and the law firm of Blatt, Hasenmiller, Leibsker & Moore relative to attempts to collect a debt owed to Citibank. This matter is now before the court on cross motions for summary judgment. For the reasons that follow, Plaintiff's Motion for Summary Judgment (#30) is DENIED and Defendants' Motion for Summary Judgment (#43) is GRANTED.[1]

---

[1] On May 24, 2007, Defendants filed a Second Motion for Sanctions seeking to have this matter dismissed due to Plaintiff's conduct during the completion of her deposition. Because this court is granting summary judgment in this matter, Defendants' Second Motion for Sanctions (#41) is denied as MOOT.

FACTS

Defendant Blatt, Hasenmiller, Leibsker, & Moore ("Blatt") is a law firm which focuses on collection law. With its Motion for Summary Judgment, Blatt has attached the affidavit of Kenneth Wake, a member of the Blatt firm.[2] Wake indicates that on April 21, 2005, Blatt was retained by Citibank to seek collection on Plaintiff Clara See's past due credit card account. Wake states that at no time did Blatt have an ownership interest in the account. Rather, Citibank was the sole owner of the account and Blatt was acting as counsel for Citibank. Blatt sent See a demand letter dated April 22, 2005. The letter contained, *inter alia*, a reference number, See's account number, the name of the creditor, and the amount owed. The letter further stated as follows:

> Please be advised that this firm represents the above named creditor. Your account has been referred to this office for collection of the Amount Due shown above. Demand is hereby made upon you for payment of the Amount Due. If you cannot make remittance of the total Amount Due, but wish to make partial payment and discuss payment terms, call this office with your proposal. You are hereby advised that this is an attempt to collect a debt, and that this firm is acting pursuant to the Fair Debt Collection Practice Act, 15 U.S.C.A. Sec. 1692 et seq.; any information obtained will be used for this purpose.
>
> If you do not dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this letter, we will assume it is valid. If you do dispute the validity of this debt, or any portion thereof, please notify us in writing, within 30 days of receipt

---

[2] Plaintiff did not respond to Defendants' Motion for Summary Judgment or to Defendants' Statement of Undisputed Facts.

of this letter and we will mail verification of the debt, or a copy of the judgment, if applicable, to you. We will also provide you with the name and address of the original creditor, if different from the current Creditor, if you request the same from us, in writing, within 30 days of receipt of this letter.

Blatt received a letter from See dated April 26, 2005. In the letter, See indicated that she disputed the debt and requested various forms of verification. After receiving this letter, Blatt suspended collection efforts and requested documentation from Citibank verifying the debt. The notes for See's account submitted by Blatt indicate that after receiving the documentation from Citibank, Blatt sent See a letter dated June 18, 2005, which contained copies of her monthly Citibank account statements. Wake indicates in his affidavit that Blatt does not retain a hard copy of this letter, but the account notes would not contain an entry indicating a verification letter had been sent if none had been sent. The account notes indicate the letter stated, "Please find enclosed the itemized billing statements for this account. These statements are being sent as validation of this debt." Wake further states in his affidavit that, according to the account notes, the verification letter was forwarded to Greg Dye, an attorney for Blatt, who reviewed the letter on June 18, 2005, before it was sent out. See sent two letters to Blatt dated June 22, 2005, in response to the verification letter. The first letter indicated that the "Statement you sent does not comply with my request and once again I dispute the debt," and See threatened to file suit pursuant to the FDCPA "should [Blatt] once again threaten me without presenting me with everything I have requested." The second letter repeated the request for various forms of verification. Blatt did not respond to these letters.

On November 7, 2005, Blatt filed a collection lawsuit on behalf of Citibank in the Circuit Court of Edgar County, Illinois. Defendants have submitted the affidavit of Defendant Marlaina

Strunk, an attorney with Blatt, who indicates that Kreckman and Anderson were retained to act as local counsel in the Edgar County case. Strunk indicates that Defendant E. Robert Anderson, an attorney with Kreckman and Anderson, appeared for Citibank at the first status hearing in the case on December 7, 2005. Defendant James R. Ping, also an attorney with Kreckman and Anderson, appeared at subsequent hearings and court calls in the case. On November 28, 2005, See filed an Answer and Conterclaim in the Edgar County case. See further served Citibank with requests for admissions and requests for production of documents. In response, Citibank filed a Motion for Leave to File § 2-615 Motion to Strike and Motion for Sanctions Pursuant to Supreme Court Rule 137, to which See filed a Response. Citibank further filed an Affidavit for Attorney Fees Under Rule 137 requesting fees in the amount of $250. Strunk indicates that Defendant Ping attended the hearing on the motion to strike and for sanctions. The court docket reflects that Citibank was awarded $250 as a sanction against See for her violations of Illinois Supreme Court Rule 137 at this hearing. The docket further reflects the case is still pending in Edward County.

ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-

59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988). Furthermore, this court is to construe pro se filings liberally. Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).

This court first turns to See's allegations of common law fraud. In her amended complaint, See alleges in Count I that Blatt[3] perpetrated fraud upon her based upon the April 22, 2005 letter Blatt sent to See. Specifically, See asserts that the Blatt firm falsely stated that it represents Citibank and falsely represented that See's account had been referred to Blatt from Citibank for collection. In Count III, See alleges that Defendants perpetrated fraud upon her by filing the complaint against her in Edgar County and asserting that Citibank is the plaintiff, that Blatt represents Citibank, and that See owes money to Citibank. The basis for See's allegations appears to be her belief that Citibank sold her account to Blatt, and therefore, it was fraudulent for Blatt to represent to her that it represented Citibank.

To establish common law fraud under Illinois law, the plaintiff must demonstrate: (1) a false statement of material fact made by the defendant; (2) the defendant knew the statement was false; (3) the defendant intended for the false statement to induce the plaintiff to act; (4) the plaintiff relied upon the truth of the statement; and (5) the plaintiff suffered damages as a result of her reliance on the statement. Geschke v. Air Force Ass'n, 425 F.3d 337, 345 (7th Cir. 2005). In the instant case, See has failed to present evidence to establish any of these elements. See has filed only her affidavit in support of her allegations, which fails to state any basis for her contention that Citibank sold her account to Blatt, that Blatt did not represent Citibank, or that she owed no money to Citibank. In

---

[3] This court dismissed the individual defendants from this count by order (#33) entered March 15, 2007.

her deposition, See was evasive when asked questions regarding these matters, often stating the questions were "leading," "irrelevant," "calls for a legal opinion" or was "not likely to lead to the discovery of evidence which would be admissible at trial." Furthermore, Defendants have provided the court with uncontroverted evidence that Citibank referred See's account to Blatt for collection, that Blatt represented Citibank, and that See owed money to Citibank. Accordingly, See's claims based upon common law fraud must fail.

See also raises a number of claims pursuant to the FDCPA. First, See alleges that Defendants failed to properly validate the debt pursuant to 15 U.S.C. § 1692g. Pursuant to this section of the statute, when a consumer notifies a debt collector in writing that she is disputing a debt, the debt collector must cease all collection activities until the collector has obtained verification and mailed it to the consumer. 15 U.S.C. § 1692g(b). While the statute does not specifically set forth what constitutes sufficient verification, courts have found computerized printouts can provide sufficient verficiation where they inform the debtor of the amounts of the debt, the services provided, and the dates the debts were incurred. See Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999); Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991); Recker v. Central Collection Bureau, Inc., 2005 WL 2654222 at *2 (S. D. Ind. 2005). After See requested verification of her debt, Blatt forwarded copies of her monthly credit card statements from Citibank after having suspended collection activities. These statements indicated transactions on See's account, the dates the debts were incurred, and the amount of the debt. This court concludes that this documentation was sufficient to satisfy Blatt's obligations pursuant to 15 U.S.C. § 1692g. Accordingly, this claim

must fail.[4]

See's remaining claims under the FDCPA require little discussion. See first argues that Defendants violated § 1692f(1) which prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). See asserts that Defendants sought to collect $250 in attorney fees by submitting an affidavit to the Edgar County court. However, this claim fails because the $250 in attorney fees was a sanction against See issued by the Circuit Court and was not sought to be collected as part of the debt as evidenced by the court docket. See further alleges a claim pursuant to §1692d which prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. See has presented absolutely no evidence to support such a claim. Finally, See brings a claim pursuant to §1692e(10) which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Again, See has failed to set forth any evidence to support this claim. Therefore, this court concludes summary judgment is warranted on all of See's claims.

In their Motion for Summary Judgment, Defendants also ask for sanctions against See pursuant to § 1692k(a)(3) which allows the court to award attorney fees to defendants where the action was brought "in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). This court cannot conclude, particularly in light of See's pro se status, that this case was brought for the

---

[4] To the extent See is arguing she did not receive this documentation, that allegation is belied by the record. See responded to the letter sent by Citibank with the attached verification indicating that the "Statement does not comply with my request."

purpose of harassment. While it is true that See lacked evidence to support her claims, the record does not demonstrate that the case was brought for the purpose of harassment. In the alternative, Defendants seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Again, while this court does not condone See's conduct in Defendants' attempts to take her deposition in this case and See ultimately failed to develop an evidentiary basis to support her claims, the court declines to sanction See in this matter.

IT IS THEREFORE ORDERED:

    (1) Defendants' Second Motion for Sanctions (#41) is denied as MOOT.

    (2) Plaintiff's Motion for Summary Judgment (#30) is DENIED.

    (3) Defendants' Motion for Summary Judgment (#43) is GRANTED.

    (4) The final pretrial conference scheduled in this matter for August 31, 2007, at 10:00 a.m. and the jury trial scheduled to begin September 10, 2007, are VACATED.

    (5) This case is terminated.

    ENTERED this 26th day of July, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE